683 A.2d 931

**Kevin GORAL and Victoria Person–Goral, H/W, Appellees,**

**v.**

**FOX RIDGE, INC., and Edward T. Walsh, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1996.

Filed Oct. 30, 1996.

Richard C. Slama, Jr., Media, for appellants.

John J. Yannacone, Media, for appellees.

Before KELLY and SAYLOR, JJ., and MONTEMURO*, Senior Judge.

SAYLOR, Judge:

This interlocutory appeal as of right is taken by Appellants, Fox Ridge, Inc. and Edward Walsh, from the order of the Court of Common Pleas of Chester County denying their motion to compel arbitration. We affirm.

Fox Ridge is a corporation engaged in the construction and development of residential properties, and Walsh is an officer of the corporation. In 1985 Victoria Person–Goral ("Appellee–Wife") purchased from Fox Ridge a lot and a new home that Fox Ridge had constructed on the lot. Although only Appellee–Wife signed the agreement of sale as buyer, the agreement acknowledged that she and Kevin Goral ("Appellee–Husband") would hold title jointly. Included in the agreement was the following provision:

Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitra-

* Retired Justice assigned to Superior Court.

tion in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association [i.e., common law arbitration]. . . .

In November 1989 Appellees entered into a written agreement for the sale of the property to William and Deborah Jackson. The sale fell through, however, after inspections revealed problems with the foundation of the house, allegedly due to improper construction. Appellees allege that they incurred substantial expenses to rectify the defects in the foundation.

On January 7, 1992, Appellees caused a writ of summons to issue against the named Appellants as well as Edward J. Walsh and Son, Inc. Because the sheriff could not locate the defendants at the address given, the writ was not served. It was reissued on October 14, 1993, and served on November 9, 1993.

Appellees filed a complaint against Appellants on February 28, 1994. The complaint stated five counts: breach of implied warranties, intentional misrepresentation, negligent misrepresentation, fraudulent concealment, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

On April 14, 1994, Appellants filed an answer and new matter in which they asserted that Appellees' claims were barred by the applicable statutes of limitation, as well as by the express terms of the agreement, the parol evidence rule, and the doctrine of merger in the deed; that Appellees had waived and were estopped from asserting their claims because they had given late notice of the alleged defects; and that, "[a]lternatively, any of [Appellees'] claims that are not barred by the applicable statute of limitations are required by . . . the agreement of sale to be submitted to common law arbitration." Appellants' prayer for relief demanded judgment in their favor and the dismissal of Appellees' claims with prejudice, or, alternatively, "that proceedings on any claims that are not dismissed, as being barred by the statute of limitations, be

stayed pending submission to and determination by common law arbitration."

Appellees replied to Appellants' new matter on April 29, 1994. On February 17, 1995, Appellees served interrogatories and a request for production of documents on Appellants' counsel. Appellants objected to discovery, arguing that all of Appellees' claims had to be submitted to arbitration and that Appellees' action was barred by the statute of limitations.

On August 3, 1995, Appellees filed a motion to compel discovery. In their answer to the motion, Appellants asserted that Appellees "refuse to submit their claims to arbitration." They asked the court to deny the motion to compel discovery and to order that all proceedings be stayed pending arbitration. In an order entered September 8, 1995, the trial court granted Appellees' motion to compel discovery and directed Appellants to comply within 20 days.

Instead of complying, Appellants filed a motion to compel arbitration in which they asserted that all of Appellees' claims were subject to arbitration. The trial court denied Appellants' motion in an order entered March 4, 1996, explaining in a footnote that "[Appellants'] delay in filing their motion and its resulting prejudice to [Appellees] work as a waiver of the arbitration clause." This appeal followed.[1] In a brief opinion dated April 8, 1996, the trial court has explained that the reasons for its ruling are contained in the order of March 4, 1996, and accompanying footnote.

1. Pennsylvania Rule of Appellate Procedure 311(a) provides that an interlocutory appeal may be taken as of right from, *inter alia,* "[a]n order which is made appealable by statute or general rule." Pa.R.A.P. 311(a)(8). Section 7320(a)(1) of the Uniform Arbitration Act provides in pertinent part that an appeal may be taken from "[a] court order denying an application to compel arbitration...." 42 Pa.C.S.A. § 7320(a)(1). Although the present case involves common law rather than statutory arbitration, Section 7342(a) of the Judicial Code, 42 Pa.C.S.A. § 7342(a), provides that Section 7320(a)(1) is applicable to such arbitration. Thus the order denying Appellants' petition to compel arbitration has been made appealable by statute, and the present appeal is properly before us. *Hallo v. Flore,* 386 Pa.Super. 178, 562 A.2d 856 (1989), *appeal denied,* 525 Pa. 612, 577 A.2d 544 (1990).

■ Appellants' sole claim on appeal is that the trial court erred in finding that they waived the right to proceed to arbitration. In reviewing the trial court's decision in the matter, we are limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion. *Samuel J. Marranca General Contracting Co., Inc. v. Amerimar Cherry Hill Associates Limited Partnership*, 416 Pa.Super. 45, 610 A.2d 499 (1992).

■ As a matter of public policy, our courts favor the settlement of disputes by arbitration. *Elkins & Co. v. Suplee*, 371 Pa.Super. 570, 538 A.2d 883 (1988), citing *Waddell v. Shriber*, 465 Pa. 20, 348 A.2d 96 (1975). Nevertheless, the right to enforce an arbitration clause can be waived. *Teodori v. Penn Hills School District Authority*, 413 Pa. 127, 196 A.2d 306 (1964); *Marranca, supra; Kwalick v. Bosacco*, 329 Pa.Super. 235, 478 A.2d 50 (1984). A waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from "a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Marranca*, 416 Pa.Super. at 49, 610 A.2d at 501. Waiver "should not be lightly inferred[,] and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right." *Kwalick*, 329 Pa.Super. at 238, 478 A.2d at 52.

■ Appellants contend that they cannot be found to have waived their right to proceed to arbitration because they asserted the arbitration clause "promptly at every point." We conclude, however, that Appellants' repeated references to the arbitration agreement are not sufficient to avoid a finding of waiver.

■ It is undisputed that Appellants did raise the defense of arbitration in their new matter. *See* Pa.R.C.P. No. 1030 (affirmative defenses, including arbitration and award, shall be pleaded in new matter); Pa.R.C.P. No. 1032 (with exceptions not relevant here, all defenses not presented by

preliminary objection, answer, or reply are waived); *Marranca, supra* (arbitration is an affirmative defense which must be pleaded in new matter or waived); *Teodori, supra* (pleadings contain no mention of arbitration defense; therefore, defense is waived). They did so, however, only as an alternative to their preferred option of winning a favorable ruling from the trial court. If the trial court were to find that some or all of Appellees' claims were not barred by the applicable statutes of limitation, the doctrine of merger in the deed, or other defenses, then, according to Appellants, such claims should be submitted to arbitration.

Appellants' bifurcated approach was not required by case law. The scope of matters submitted to arbitration depends upon the arbitration clause agreed to by the parties. *Giant Markets, Inc. v. Sigma Marketing Systems, Inc.*, 313 Pa.Super. 115, 459 A.2d 765 (1983). If an arbitration clause does not contain a particular limitation, the courts will not impose such a limitation. *Kardon v. Portare*, 466 Pa. 306, 353 A.2d 368 (1976); *Giant Markets, supra.* Once it has been determined that the substantive dispute is arbitrable, "all matters necessary to dispose of the claim" are normally arbitrable as well. *Giant Markets, supra*, 313 Pa.Super. at 124, 459 A.2d at 769. Such ancillary matters include "'procedural' questions which grow out of the [substantive] dispute and bear on its final disposition...." *Kardon, supra*, 466 Pa. at 310, 353 A.2d at 370, quoting *John Wiley & Sons v. Livingston*, 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898, 909 (1964). Where the underlying dispute is arbitrable, the applicability of a statute of limitations is also. *Borough of Ambridge Water Authority v. Columbia*, 458 Pa. 546, 328 A.2d 498 (1974), citing *Merchants Mutual Insurance Company v. American Arbitration Association*, 433 Pa. 250, 248 A.2d 842 (1969).

In the present case, the parties' arbitration clause encompassed any controversy or claim arising out of or relating to the agreement of sale or its breach. Thus Appellants, having decided that Appellees' substantive claims were arbitrable, could have asserted that all ancillary matters, including statutes of limitation, were arbitrable as well. Instead, Appellants

sought relief in the first instance from the trial court; failing success in that forum, and only then, they sought to proceed to the alternative forum of arbitration.

Furthermore, Appellants' assertion that they raised the arbitration clause "promptly at every point" is misleading. If Appellants had truly wanted to invoke the arbitration process to preclude litigation, they could have done so by means of preliminary objections. Pennsylvania Rule of Civil Procedure No. 1028 provides in pertinent part as follows:

(a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

.   .   .   .   .

(6) pendency of a prior action or agreement for alternative dispute resolution.

*Note:* An agreement to arbitrate may be asserted by preliminary objection or by petition to compel arbitration pursuant to the Uniform Arbitration Act, 42 Pa.C.S.[A.] § 7304, or the common law, 42 Pa.C.S.[A.] § 7342(a).

Pa.R.C.P. No. 1028(a)(6).[2]

Also misleading is Appellants' claim that Appellees "ignor[ed] [Appellants'] repeated requests to submit their claims to arbitration." In fact, Appellants did not affirmatively seek arbitration until October 3, 1995, some 19 months after Appellees' complaint had apprised them of the substance of Appellees' claims. Prior to that time, Appellants did nothing to move the matter to arbitration. Instead they allowed the case to linger on the trial court's docket and awaited discovery, which was eventually forthcoming. It was not until the litiga-

---

**2.** Prior to the amendment of Rule 1028 in 1991, it was held that "a contractual arbitration clause does not affect the subject matter jurisdiction of the trial court and, therefore, does not provide a proper basis for a preliminary objection." *Wechsler v. Newman,* 256 Pa.Super. 81, 88, 389 A.2d 611, 614 (1978). Under amended Rule 1028, this is no longer the case. The amended rule specifies six grounds for preliminary objections, including "lack of jurisdiction over the subject matter of the action ... [,]" Pa.R.C.P. No. 1028(a)(1), and, as noted earlier, "pendency of a prior action or agreement for alternative dispute resolution[,]" Pa.R.C.P. No. 1028(a)(6). The amendment was adopted July 18, 1991, and made effective January 1, 1992, just prior to the commencement of the present litigation.

tion resulted in an order requiring them to satisfy Appellees' discovery requests that Appellants decided the time had come to move the matter to arbitration.

Appellees argue that remitting the matter to arbitration at this juncture would unfairly prejudice them, since, "in addition to the costs incurred ... to date, [they] would be required to re-initiate legal proceedings before the American Arbitration Association incurring additional costs, and [Appellants] may then assert that any claims are barred by the statute of limitations...." Such a result, they argue, would be especially unjust in view of Appellants' 19–month delay in seeking to compel arbitration. We agree. Accordingly, we affirm the order of the trial court denying Appellants' motion to compel arbitration.

Order affirmed.