## James J. Gory Mechanical Contracting Inc. v. Philadelphia Housing Authority

*Bruce L. Phillips,* for plaintiff.
*Barry W. Smiley,* for defendant.

HERRON, *J.,* April 10, 2001—Defendant Philadelphia Housing Authority has filed a motion for summary judgment requesting that the court enter judgment in its favor and against plaintiff James J. Gory Mechanical Contracting Inc. on all counts. Because PHA has waived its right to raise the arguments asserted in the motion, the motion is denied.

## BACKGROUND

This dispute arises from a construction contract and related documents agreed to by the parties. According to PHA, the contract includes a provision requiring that Gory submit certain contract disputes to a "contracting

officer" for a written decision prior to filing suit in court (arbitration provision). Motion exhibit C ¶31.[1]

According to Gory, PHA has breached the contract repeatedly and has refused to make payments due to Gory. On this basis, Gory initiated the instant action on February 9, 2000 by filing a complaint. In its answer to the complaint, filed on April 7, 2000, PHA asserted, among other affirmative defenses, that the claim "should be dismissed as [Gory] has failed to exhaust all administrative remedies pursuant to the contract in question before filing the instant lawsuit." PHA's answer at ¶29.

According to the case management memo issued in this matter, discovery was closed on August 7, 2000, and the deadline for filing pretrial motions was October 16, 2000. The parties attended a court-sponsored settlement conference on February 9, 2001. On February 16, 2001, nearly one year after being served with the complaint and a mere two months before the scheduled trial date of April 17, PHA filed its motion.[2]

## DISCUSSION

PHA argues that the arbitration provision requires Gory to submit this dispute to a contracting officer before the court can hear the matter. Because PHA has waived its

---

1. Gory relies only on the untimeliness of PHA's motion and does not assert that the arbitration provision does not apply to the instant dispute.

2. After filing the motion, PHA filed a motion requesting leave to amend its answer to the complaint to include a counterclaim. The court denied this motion on April 5, 2001.

right to raise this argument, however, the motion must be denied.

A line of Pennsylvania cases holds that a mandatory arbitration[3] provision deprives court of subject matter jurisdiction. See *e.g., Shumake v. Philadelphia Board of Education,* 454 Pa. Super. 556, 561, 686 A.2d 22, 25 (1996). Because "lack of subject matter jurisdiction is a defense that cannot be waived," *LaChappelle v. Interocean Management Corp.,* 731 A.2d 163, 167 (Pa. Super. 1999), it could be inferred from this line of cases that an objection based on an agreement to arbitrate may be raised at any time and cannot be waived.

Recently, however, Pennsylvania courts have reached the opposite conclusion, and a pattern of cases holding that the defense of arbitration is waivable has emerged. See *e.g., Samuel J. Marranca General Contracting Co. v. Amerimar Cherry Hill Associates Limited Partnership,* 416 Pa. Super. 45, 49, 610 A.2d 499, 501 (1992) (concluding that the defendant "waived its right to enforce the arbitration clause"). Courts must look at the following to evaluate a claim of waiver:

"The key to determining whether arbitration has been waived is whether the party, by virtue of its conduct, has

---

3. While PHA bases its argument on Gory's failure to exhaust administrative remedies, it has been noted that Pennsylvania's policy of favoring arbitration is comparable to the "long-standing public policy of hesitancy to interfere with administrative proceedings before all administrative remedies have been exhausted." *Mid-Atlantic Toyota Distributors Inc. v. Charles A. Bott Inc.,* 101 Pa. Commw. 46, 52-53, 515 A.2d 633, 636 (1986). Cf. *Lancaster Cty. v. Pennsylvania Labor Relations Board,* 761 A.2d 1250, 1257 (Pa. Commw. 2000) (applying law on failure to exhaust administrative remedies to a request for arbitration).

accepted the judicial process. . . . Acceptance of the judicial process is demonstrated when the party (1) fails to raise the issue of arbitration promptly, (2) engages in discovery, (3) files pretrial motions which do not raise the issue of arbitration, (4) waits for adverse rulings on pretrial motions before asserting arbitration, or (5) waits until the case is ready for trial before asserting arbitration." *St. Clair Area School District Board of Education v. E.I. Associates,* 733 A.2d 677, 682 n.6 (Pa. Commw. 1999). (citations omitted)

While a defense of arbitration is waived if not raised as a new matter, the Superior Court made it clear in *Goral v. Fox Ridge Inc.,* 453 Pa. Super. 316, 683 A.2d 931 (1996), that merely raising an agreement to arbitrate in this manner is not sufficient to preserve the defense. In *Goral,* the defendants pleaded as a new matter that, "alternatively, any of [the plaintiffs'] claims that are not barred by the applicable statute of limitations are required by . . . the agreement of sale to be submitted to common-law arbitration." 453 Pa. Super. at 319, 683 A.2d at 932. Ten months later, the defendants objected to a request for discovery, arguing that the plaintiffs' claims had to be submitted to arbitration. Nearly six months after the discovery dispute, the defendants filed a motion to compel arbitration, which the trial court denied.

On appeal, the Superior Court affirmed the lower court's decision, concluding that the defendants' "repeated references to the arbitration agreement [were] not sufficient to avoid a finding of waiver." 453 Pa. Super. at 321, 683 A.2d at 933. The fact that the defendants raised the question of arbitration in their new matter spe-

cifically was unpersuasive because "[t]hey did so . . . only as an alternative to their preferred option of winning a favorable ruling from the trial court." 453 Pa. Super. at 322, 683 A.2d at 933. The court also noted that, prior to filing their motion to compel, the defendants "did nothing to move the matter to arbitration" and instead "allowed the case to linger on the trial court's docket and awaited discovery." 453 Pa. Super. at 323, 683 A.2d at 934. Had the defendants truly wanted the matter resolved by arbitration, the court counseled, they could have, and, impliedly, should have, taken steps toward that end in their preliminary objections. 453 Pa. Super. at 322, 683 A.2d at 934.

The facts of this matter are similar to those of *Goral*. Here, before filing the motion, PHA made no attempt to invoke the defense of administrative remedies after raising it in its answer almost a year ago.[4] In addition, the court's reasoning in *Goral* is even more convincing here, as this case has progressed far beyond discovery and is scheduled for trial in less than a week. By engaging in discovery, waiting until the eve of trial to submit the motion, participating in a court-sponsored settlement conference and attempting to assert a counterclaim, PHA has demonstrated a clear acceptance of the judicial proc-

---

4. PHA's failure to raise the defense of administrative remedies is even more inadequate than the *Goral* defendants' "repeated references" to the arbitration provision in that case. In addition, the *Goral* defendants cited the relevant arbitration provision in their new matter, while PHA did not specifically invoke the arbitration provision or Gory's obligation to submit this matter to a contracting officer at any point before filing the motion.

ess. Thus, PHA has waived any right it may have had to compel arbitration, and the motion must be denied.

## CONCLUSION

PHA has waived its right to invoke the arbitration provision, and the motion is denied.

## ORDER

And now, April 10, 2001, upon consideration of the motion for summary judgment of defendant Philadelphia Housing Authority, the opposition to it of plaintiff James J. Gory Mechanical Contracting Inc., the respective memoranda, all other matters of record, and in accord with the opinion being filed contemporaneously with this order, it is hereby ordered and decreed that the motion for summary judgment is denied.