J-S60045-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MAHONEY REALTY GROUP, INC., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DAVIN S. LAMM, INDIVIDUALLY AND | : | |
| D/B/A DEEP SEA ASSOCIATES, LP, | : | |
| FERRY DEVELOPMENT, LP, INSITE | : | |
| REALTY ADVISORS, LLC, PARLIAMENT | : | |
| CONSULTING AND LAMM REALTY | : | |
| GROUP, EDWARD ALAN WEBBER, | : | |
| INDIVIDUALLY AND D/B/A DEEP SEA | : | |
| ASSOCIATES, LP, FERRY | : | |
| DEVELOPMENT, LLC, INSITE REALTY | : | |
| ADVISORS, LLC, PARLIAMENT | : | |
| CONSULTING, AND LAMM REALTY | : | |
| GROUP, LLC AND DEEP SEA-GP, LLC | : | |
| D/B/A DEEP SEA ASSOCIATES, LP | : | |
| AND FERRY DEVELOPMENT GENERAL, | : | |
| LLC, D/B/A FERRY DEVELOPMENT, LP, | : | |
| INSITE REALTY ADVISORS, LLC, | : | |
| PARLIAMENT CONSULTING, LAMM | : | |
| REALTY GROUP, LLC AND HARVEY | : | |
| LAMM | : | |
| | : | |
| APPEAL OF: EDWARD ALAN WEBBER | : | No. 2098 EDA 2015 |

Appeal from the Order Entered June 23, 2015,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s):  August Term, 2010, No. 1551

BEFORE:  SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 30, 2016**

*Retired Senior Judge assigned to the Superior Court.

Edward Alan Webber (Webber) appeals from the order of June 23, 2015, which denied his petition to compel arbitration and stay proceedings in the trial court.[1]  We affirm.

The long and tortuous factual and procedural history of this dispute can be summarized as follows.  Mahoney Realty Group, Inc. (MRG) hired Davin S. Lamm (Lamm) on June 16, 1999, as a real estate sales agent.  MRG and Lamm entered into an independent contractor agreement (Agreement).  The Agreement contained a provision that required the parties to submit to arbitration in the event of a dispute.

Webber began working for MRG in September 2007 as an unpaid intern.  After his college graduation, Webber obtained a real estate license, and he continued his work for MRG.  Although Webber and MRG did not enter into a written independent contractor agreement, the terms of Webber's relationship were those found in MRG's agreement with Lamm. *See Mahoney Realty Group, Inc. v. Lamm*, 96 A.3d 1094 (Pa. Super. 2014) (unpublished memorandum at 3) ("[T]he parties do not dispute that the terms of Webber's relationship with MRG were the same as those found in the Agreement between Lamm and MRG.") (citing Webber's Brief at 12

___

[1] 42 Pa.C.S. § 7320(a)(1) provides that an appeal may be taken from a "court order denying an application to compel arbitration."  Moreover, "[f]ailure to file an appeal from an interlocutory order refusing to compel arbitration, appealable under 42 Pa.C.S. § 7320(a)(1) and subparagraph (a)(8) of this rule, shall constitute a waiver of all objections to such an order." Pa.R.A.P. 311(g)(1)(iv).

("[MRG] admits that [MRG] and Webber never executed a written independent contractor agreement. Nevertheless, [MRG] made clear during [its] deposition that [MRG] and Webber had entered into an oral independent contractor agreement which contained the same terms as the written Independent Contractor Agreement between [MRG] and Lamm.") (quotation marks omitted)).

Over the course of time, both Lamm and Webber formed other real estate businesses, and they also continued their work for MRG. In May 2009, MRG discovered that both Lamm and Webber were using MRG supplies, facilities, and equipment to conduct their other businesses. These activities form the genesis of the dispute between MRG, Lamm, and Webber. Upon learning this information, MRG terminated its relationship with both Lamm and Webber.

Prior to MRG's filing a civil complaint against either Lamm or Webber, Lamm filed a demand for arbitration pursuant to the Agreement. MRG accepted the demand, and arbitration proceedings commenced. In August 2010, MRG initiated the instant civil action against Webber and businesses owned by Webber individually and Webber and Lamm jointly. Soon thereafter, MRG and Lamm agreed to terminate their arbitration proceedings and continue litigation in civil court. Thus, on January 31, 2011, MRG filed an amended complaint adding Lamm and additional entities as defendants.

That complaint included counts for breach of contract, fraud, conversion, civil conspiracy, unjust enrichment, and usurpation of business opportunity.

The parties engaged in extensive discovery, and on October 15, 2012, both Webber and Lamm filed motions for summary judgment. MRG responded, and on January 18, 2013, the trial court granted summary judgment in favor of Webber, Lamm, and their respective companies, and against MRG on all counts. MRG filed a notice of appeal to this Court, and on January 28, 2014, a panel of this Court filed a memorandum reversing, in part, the grant of summary judgment. *Mahoney Realty Group, Inc.*, *supra*. Specifically, this Court vacated the order granting summary judgment on MRG's breach of contract claims.

After remand, the trial court permitted both Lamm and Webber to file new motions for summary judgment. On January 19, 2015, the trial court granted partial summary judgment to each party and scheduled the case for trial. The trial was then continued by agreement of the parties to give them time to settle the dispute. When negotiations proved unsuccessful, the parties appeared for a pre-trial conference on May 28, 2015. At that point, "Webber informed the [trial] court that he intended to file a petition to stay the case and compel arbitration[.]" Trial Court Opinion, 3/28/2016, at 5. Webber filed his motion the next day, and Lamm joined in the motion. On June 23, 2015, the trial court denied the motion to stay and compel arbitration. The trial court concluded that based upon the conduct of the

parties, including Webber's five-year participation in this litigation, Webber waived the opportunity to exercise a right to arbitrate this dispute by making this request "too late" in the judicial process. Trial Court Opinion, 3/28/2016, at 7.

Webber filed timely the instant notice of appeal.[2]   The trial court did not order Webber to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, but the trial court filed an opinion on March 28, 2016.

On appeal, Webber argues, *inter alia*, that the trial court erred in concluding he had waived his right to pursue arbitration of these claims.   "In reviewing a decision of a trial court [refusing a decision to stay or compel arbitration], our scope of review is limited to determining whether the trial judge's findings are supported by substantial evidence or whether the trial court abused its discretion." ***Samuel J. Marranca Gen. Contracting Co. v. Amerimar Cherry Hill Associates Ltd. P'ship***, 610 A.2d 499, 500 (Pa. Super. 1992).

> It is well-settled that [a]s a matter of public policy, our courts favor the settlement of disputes by arbitration. Nevertheless, the right to enforce an arbitration clause can be waived.   Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.   A party's acceptance of the regular channels of the

---

[2] Lamm also filed a notice of appeal which was docketed at 2098 EDA 2015. On May 10, 2016, Lamm filed a praecipe to discontinue the appeal, which was completed on May 11, 2016.

judicial process can demonstrate its waiver of arbitration. However, a waiver of a right to proceed to arbitration pursuant to the term of a contract providing for binding arbitration should not be lightly inferred and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right.

***Stanley-Laman Grp., Ltd. v. Hyldahl***, 939 A.2d 378, 382–83 (Pa. Super. 2007) (citations and quotation marks omitted).

Among the factors to look at in determining whether a party has accepted the judicial process are whether the party (1) fail[ed] to raise the issue of arbitration promptly, (2) engage[d] in discovery, (3) file[d] pretrial motions which do not raise the issue of arbitration, (4) wait[ed] for adverse rulings on pretrial motions before asserting arbitration, or (5) wait[ed] until the case is ready for trial before asserting arbitration.

***O'Donnell v. Hovnanian Enterprises, Inc.***, 29 A.3d 1183, 1187 (Pa. Super. 2011) (quotation marks omitted).

Instantly, there is no dispute that Webber has been litigating this case in the trial court since its inception in 2010. Webber has been an active participant in the case, and has availed himself of both the trial and appellate processes while securing numerous favorable rulings. In fact, it was not until it was clear that the remaining claims against him would come to trial that Webber invoked the arbitration provision of the Agreement. Based on this conduct, we agree with the trial court that Webber's actions conclusively demonstrated as a matter of law that he has waived his right to arbitrate. Thus, we agree with the trial court that Webber is not entitled to relief.

Webber devotes a significant portion of his brief to this Court arguing that the decision about whether Webber and MRG should be required to arbitrate should be up to the arbitrators, rather than the trial court. He states that this "Court has consistently reaffirmed that it is the arbitrator, not the trial court, that must evaluate the timeliness of a petition to compel arbitration[.]" Webber's Brief at 19 (citing ***Theodore C. Willis Co., Inc. v. Sch. Dist. Of Boyertown Area***, 837 A.2d 1186 (Pa. Super. 2003)).

Based upon a review of the case law, under all circumstances akin to those in the instant matter, the trial court was permitted to and did address properly the threshold question of whether a party waived its contractual right to arbitrate. ***See***, ***e.g.***, ***Samuel J. Marranca Gen. Contracting Co.***, 610 A.2d at 501 (holding defendant's conduct amounted to waiver where it "waited until it had received an adverse ruling on pretrial motions before invoking and seeking to enforce the arbitration provision of the contract"); ***Goral v. Fox Ridge, Inc.***, 683 A.2d 931, 934 (Pa. Super. 1996) (holding that the trial court properly denied defendants' motion to compel arbitration where they "sought relief in the first instance from the trial court; failing success in that forum, and only then, they sought to proceed to the alternative forum of arbitration"); ***GE Lancaster Investments, LLC v. Am. Exp. Tax & Bus. Servs., Inc.***, 920 A.2d 850 (Pa. Super. 2007); ***cf***. ***Keystone Tech. Grp., Inc. v. Kerr Grp., Inc.***, 824 A.2d 1223 (Pa. Super. 2003) (finding no waiver of right to arbitration where the docket only

showed plaintiff's filing of the complaint, the sheriff's proof of service, and the defendant's filing of preliminary objections, before plaintiff's motion to compel arbitration); **Kwalick v. Bosacco**, 478 A.2d 50, 52 (Pa. Super. 1984) (holding that "the mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration").

Moreover, **Willis**, **supra**, and the other cases relied upon by Webber, are inapposite. In **Willis**, a contractor and school district entered into a contract for the contractor to install an HVAC system in a school in the school district. A dispute arose, and the contractor filed a demand for arbitration. The matter was settled in an agreement before the arbitrator, and the arbitrator retained jurisdiction to resolve subsequent disputes. Another dispute arose and the parties continued litigation in arbitration. The arbitrator entered a ruling in favor of the school district.

The contractor then filed a complaint for declaratory judgment in the Court of Common Pleas of Berks County. The school district filed preliminary objections arguing, in part, that the matter should be decided in arbitration. The contractor argued that the issues subsumed within its complaint fell outside the scope of the original arbitration agreement. The trial court dismissed the complaint and sent the matter to arbitration. The contractor appealed.

In affirming the order, this Court stated that "[s]ince 1980, there has been a long line of cases that hold that if it appears that a dispute relates to a contract's subject matter and **the parties agreed to arbitrate**, all issues of interpretation and procedure, including requirements preliminary to the presentation of any claims, are for the arbitrators to resolve." ***Theodore C. Wills Co.***, 837 A.2d at 1189 (Pa. Super. 2003) (citing ***Ross Dev. Co. v. Advanced Bldg. Dev., Inc.***, 803 A.2d 194, 198 (Pa. Super. 2002) (emphasis added)). In other words, the reason this Court agreed with the trial court that the issues raised by the contractor should be decided in arbitration was because the parties had reached an agreement to arbitrate.

In the instant matter, even though there was a contract provision regarding arbitration, Webber acquiesced for five years to litigating the matter in the trial court. In fact, at no time during the course of the dispute did an arbitrator rule on any issue. Based on the foregoing, we conclude that the trial court properly considered the question of whether Webber waived his right to arbitration. Moreover, we hold that the trial court reached the correct conclusion. Accordingly, we affirm the order of the trial court.[3]

---

[3] Webber also argues that "it appears the [t]rial [c]ourt may have determined that [] Webber expressly waived his right to arbitrate through agreement of counsel." Webber's Brief at 25. Webber argues that Lamm initially participated in arbitration proceedings, but Webber did not. We agree with Webber that he did not participate in the initial arbitration; nevertheless, whether the trial court believed that Webber also participated in that arbitration it does not change the outcome of this case. Webber's

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2016

---

actions in participating in this litigation over the course of five years result in his having waived his right to arbitrate.