**Joseph O'DONNELL and Samuel Carella, On Behalf of Themselves and All Others Similarly Situated at the National at Old City Condominium, Appellants**

v.

**HOVNANIAN ENTERPRISES, INC. d/b/a K. Hovnanian Homes, K. Hovnanian at Philadelphia I, LLC, and Intech Construction, Inc., Appellees.**

Superior Court of Pennsylvania.

Argued May 24, 2011.

Filed Oct. 4, 2011.

---

Lee Applebaum, Philadelphia, for appellants.

Gary A. Wilson, Philadelphia, for Hovnanian, appellee.

Lisa B. Apelian, Philadelphia, for Intech, participating party.

BEFORE: STEVENS, P.J., SHOGAN and ALLEN, JJ.

OPINION BY SHOGAN, J.:

Appellants, purchasers of condominiums at the National at Old City Condominium in Philadelphia ("Unit Purchasers"), appeal the order granting the preliminary objections of Appellee, Hovnanian Enterprises, Inc. ("Hovnanian"), and transferring this matter to binding arbitration.[1] After careful consideration, we reverse.

---

1. We note that Appellant purports to appeal from the court's order dated on August 11, 2010. However, the docket reflects that the order was entered on August 13, 2010. Accordingly, we will use the latter date when referring to the subject order, and we have amended the caption accordingly.

The trial court set forth the facts and procedural history of this matter as follows:

On February 23, 2010, plaintiffs Joseph O'Donnell, individually and on behalf of all others similarly situated ("The Plaintiffs"), filed a class action complaint against the Hovnanian Defendants and against Intech Construction, Inc. (together, "The Defendants"). The class action pertains to the Plaintiffs' purchases and occupancy of condominium units at The National at Old City ("The National") condominium complex in Philadelphia, PA. The Plaintiffs had set forth various complaints concerning the common elements at the National, and concerning the design, construction, maintenance and operation of the complex.

On August 18, 2005, the Hovnavian Defendants prepared and issue[d] a public offering statement. In that statement, they made certain representations about the condominium fees that homeowners would have to pay to operate and maintain the common elements at the National West. Section B of the amended public offering states provided [sic] that the executive board of the condominium association would assess charges against each unit for maintenance of the common elements and for the operating costs of the condominium, and that utility charges for the common elements and recreation facilities would be billed to the condominium association and paid as part of the common charges. The Plaintiffs allege that the Hovnanian Defendants intentionally misrepresented these costs in order to induce them to purchase units in the National. The Plaintiffs further allege that the Hovnanian Defendants have made subsequent misrepresentations regarding the amount of certain fees and the purposes

for collecting such fees. The Plaintiffs also named Intech Construction, Inc. as a defendant, because they allege that Intech Construction, Inc. was engaged by the Hovnanian Defendants and that it constructed a defective parking garage.

The class action complaint is in the following counts:

I.     Fraud (against the Hovnanian Defendants)

II.    Unfair Trade Practices and Consumer Protection Law violations (against the Hovnanian Defendants)

III.   Negligent misrepresentation (against the Hovnanian Defendants)

IV.    Breach of fiduciary duty (against the Hovnanian Defendants)

V.     Breach of warranty (against the Hovnanian Defendants)

VI.    Breach of warranty (against the Hovnanian Defendants)

VII.   Negligence (against Intech Construction, Inc.)

On March 19, 2010, the Hovnanian Defendants filed preliminary objections to the complaint, arguing that there existed a binding arbitration clause for disputes which may arise between the parties. On April 7, 2010, the Plaintiffs filed an amended complaint, thereby rendering the original preliminary objections moot. On April 27, 2010, the Hovnanian Defendants again filed preliminary objections, arguing that the dispute was subject to binding private arbitration. On August 11, 2010, the court sustained the Hovnanian Defendants' preliminary objections and transferred

the matter to binding arbitration.[2] The Plaintiffs then appealed that order to the Superior Court on September 10, 2010. In the meantime, the Plaintiffs also filed a motion for reconsideration of the court's order and a motion to amend/or certify order for interlocutory appeal, on August 24 and 25, 2010, respectively. The court denied both motions[; in response, the Plaintiffs filed a petition for review on September 9, 2010]. The Plaintiffs also filed an appeal of the latter order on October 22, 2010.

On October 29, 2010, the Superior Court granted the petition for review. That Order also directed that the matter should proceed before the Superior Court as an appeal, at 2890 EDA 2010, from this court's order dated August 11, 2010.

Trial Court Opinion, 11/17/10, at 1–3.

On appeal, Unit Purchasers raise the following questions for review:

1. Did the Court of Common Pleas make an error of law and/or abuse its discretion in finding that the Hovnanian Parties had [not] waived any right to pursue arbitration of the claims against them?

2. Did the Court of Common Pleas make an error of law and/or abuse its discretion in finding that the claims against Intech could be dismissed and sent to arbitration?

3. Did the Court of Common Pleas make an error of law and/or abuse its discretion in finding that there was an enforceable arbitration agreement without holding a hearing or weighing the facts placed at issue

**2.** Intech did not join Hovnanian's preliminary objections to the amended complaint or file its own; nor did Intech file a cross appeal

before it that there was no binding arbitration agreement?

Unit Purchasers' Brief at 3–4.

Unit Purchasers first argue that Hovnanian waived binding arbitration by engaging in the judicial process; therefore, the trial court erred in sustaining Hovnanian's preliminary objections, dismissing the complaint, and transferring the case to binding arbitration. Unit Purchasers' Brief at 15–33. We agree.

██ The general standard of review we apply when presented with an appeal challenging a trial court's decision regarding a preliminary objection is well settled:

> Initially, we note that "[o]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *De Lage Landen Fin. Servs., Inc. v. Urban P'ship, LLC,* 903 A.2d 586, 589 (Pa.Super.2006).

*Haun v. Community Health Systems, Inc.,* 14 A.3d 120, 123 (Pa.Super.2011).

> When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief.

*Feingold v. Hendrzak,* 15 A.3d 937, 941 (Pa.Super.2011) (quoting *Haun,* 14 A.3d at 123).

from the order dismissing the complaint and transferring the case to binding arbitration.

■ Here, the trial court sustained Hovnanian's preliminary objections after concluding Hovnanian had not waived its right to compel binding arbitration pursuant to the Builders Limited Warranty.

It is well-settled that although "as a matter of public policy, our courts favor the settlement of disputes by arbitration, ... the right to enforce an arbitration clause can be waived." *Goral v. Fox Ridge, Inc.*, 453 Pa.Super. 316, 321, 683 A.2d 931, 933 (1996). Moreover, "waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from 'a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.'" *Id.* (quoting *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship.*, 416 Pa.Super. 45, 610 A.2d 499 (1992)). Finally, "a waiver of a right to proceed to arbitration pursuant to the term of a contract providing for binding arbitration should not be lightly inferred and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right." *Kwalick v. Bosacco*, 329 Pa.Super. 235, 238, 478 A.2d 50, 52 (1984).

*LSI Title Agency, Inc. v. Evaluation Services, Inc.*, 951 A.2d 384, 391–392 (Pa.Super.2008), *appeal denied*, 599 Pa. 694, 960 A.2d 841 (2008) (quoting *Keystone Tech. Group, Inc. v. Kerr Group, Inc.*, 824 A.2d 1223, 1226 (Pa.Super.2003)).

■ "Although our Court has found that the mere filing of a complaint does not demonstrate waiver of the right to arbitration, *see Keystone Tech. Group, Inc. v. Kerr Group, Inc.*, 824 A.2d 1223, 1226 (Pa.Super.2003), a party that avails itself of the judicial process by attempting to win favorable rulings from the judicial system following the filing of a complaint *does waive* their right to proceed through arbitration." *Stanley–Laman Group, Ltd. v. Hyldahl*, 939 A.2d 378, 387 (Pa.Super.2007) (emphasis supplied) (citing *Goral v. Fox Ridge, Inc.*, 453 Pa.Super. 316, 683 A.2d 931, 933–934 (1996), and *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 416 Pa.Super. 45, 610 A.2d 499, 501 (1992)). Among the factors to look at in determining whether a party has accepted the judicial process are whether the party "(1) fail[ed] to raise the issue of arbitration promptly, (2) engage[d] in discovery, (3) file[d] pretrial motions which do not raise the issue of arbitration, (4) wait[ed] for adverse rulings on pretrial motions before asserting arbitration, or (5) wait[ed] until the case is ready for trial before asserting arbitration." *Id.* (quoting *St. Clair Area Sch. Dist. Bd. of Educ. v. E.I. Assocs.*, 733 A.2d 677, 682 n. 6 (Pa.Cmwlth.1999) (citing *Goral*)).

■ According to its April 17, 2010 Amended Complaint, Unit Purchasers initiated this case by filing a complaint against Hovnanian and Intech on April 25, 2007. Hovnanian and Intech filed preliminary objections, which did not raise the arbitration provision. Unit Purchasers then filed an amended complaint on July 17, 2007. In response, Hovnanian and Intech filed preliminary objections to the amended complaint; those preliminary objections did not raise the arbitration provision. Amended Complaint, 4/17/10, at ¶¶ 12–15. Unit Purchasers answered the preliminary objections, and the parties filed briefs. Without raising the arbitration provision, Hovnanian and Intech moved for determination of the preliminary objections, to which Unit Purchasers replied. *Id.* at ¶¶ 16–18. On February 13, 2008, the trial court sustained in part and

overruled in part the preliminary objections of Hovnanian and Intech. Specifically, the trial court dismissed Count VII (Breach of Implied Warranty of Habitability) of the 2007 amended complaint, and overruled the remaining preliminary objections. *Id.* at ¶ 20. Approximately two weeks later, the parties executed a Tolling Agreement, discontinuing the litigation without prejudice as of February 26, 2008. They executed an amendment to the Tolling Agreement on December 16, 2008. Amended Complaint, 4/17/10, at ¶ 21.

When settlement negotiations failed, Unit Purchasers reinstituted the litigation pursuant to the terms of the Tolling Agreement by filing a complaint on February 2, 2010. Amended Complaint, 4/17/10, at 22. In compliance with the trial court's February 13, 2008 order, Unit Purchasers "intentionally deleted Count VII (Breach of Implied Warranty of Habitability)." *Id.* at ¶ 23. Unit Purchasers informed the court: *"At no point* in this Litigation, through two sets of Preliminary Objections, a Tolling Agreement, and an Amendment thereto, did Defendants ever assert an argument that this litigation was subject to an agreement to arbitrate." *Id.* at ¶ 24 (emphasis original). Hovnanian filed preliminary objections to the 2010 complaint on March 19, 2010, raising, *inter alia,* the binding arbitration agreement. Preliminary Objections, 3/19/10, at ¶¶ 9–16. In response, Unit Purchasers filed an amended complaint on April 17, 2010, to which Hovnanian preliminarily objected on April 27, 2010, raising only the binding arbitration agreement. *Id.* at ¶¶ 15–30.

Initially, we address the trial court's conclusion that "the issue of promptness should be examined from the commencement of the underlying action, which was in February 2010, not February 2008." Trial Court Opinion, 11/17/10, at 5. Taking all material facts set forth in the 2010 Amended Complaint as true, as well as all inferences reasonably deducible therefrom, we discern no support in the record for the trial court's use of the 2010 complaint as its point of departure for deciding the waiver issue.

In the 2010 Amended Complaint, Unit Purchasers set forth the procedural history of this matter, from the filing of the original complaint in April 2007 through the challenged August 13, 2010 order dismissing its action and transferring the matter to binding arbitration. Amended Complaint, 4/17/10, at ¶¶ 12–24. The averments of fact set forth therein and reasonable inferences deducible therefrom describe a continuum of litigation that Hovnanian participated in and benefitted from. The trial court acknowledged that Unit Purchasers initiated this case in 2007, the parties mutually agreed to discontinue the 2007 action without prejudice in order to discuss settlement, entered a tolling agreement and an amendment therefore, and Unit Purchasers revived the action in 2010. Trial Court Opinion, 11/17/10, at 5. Hovnanian does not dispute these facts. Answer to Petition for Review, 9/22/10, at ¶¶ 38, 39.

In light of the fact that Hovnanian won a favorable ruling from its participation in the judicial process, *i.e.*, dismissal of Count VII of the 2007 Amended Complaint, we consider disingenuous its argument that Unit Purchasers were not prejudiced by Hovnanian's failure to raise the arbitration provision promptly. Had Hovnanian raised the arbitration provision in its preliminary objections to the April 2007 Complaint, Unit Purchasers would have been spared the time, effort, and expense of filing an amended complaint in July 2007, discontinuing the action to engage in settlement negotiations, entering the Tolling Agreement and Amendment, filing a complaint in February 2010, and filing an

amended complaint in April 2010. Similarly, the trial court would have been spared the time and effort of reviewing the July 2007 amended complaint and second set of preliminary objections, the motion to discontinue without prejudice, and the February 2010 complaint. Moreover, Hovnanian's contention that Unit Purchasers gained two years for preparation of its case ignores the fact that Hovnanian's failure to raise the arbitration provision promptly in April 2007 caused the two-year delay in proceeding to binding arbitration. Thus, we reject the argument that the waiver issue should be examined as of the filing of Unit Purchaser's 2010 Complaint.

Accordingly, we shall review Hovnanian's undisputed acts during the entire course of this litigation. In doing so, we conclude the record does not support the trial court's waiver determination. Beginning in 2007, Hovnanian availed itself of the judicial process by filing preliminary objections; however, it did not promptly raise the arbitration provision at that time. Hovnanian acknowledges its omission. Answer to Petition for Review, 9/22/10, at ¶ 39. Moreover, Hovnanian won a favorable ruling from the judicial system following the filing of the complaint, *i.e.,* the dismissal of Count VII (Breach of Implied Warranty of Habitability). Thereafter, in order to engage in settlement negotiations with Unit Purchasers, Hovnanian agreed to a discontinuance of the 2007 action without prejudice and entered the Tolling Agreement and an amendment thereto. It did not raise the arbitration provision at any point between filing of the 2007 Complaint and filing of the 2010 Complaint. When Unit Purchasers revived the litigation in 2010, they specifically excluded Count VII as a direct result of Hovnani-

an's successful preliminary objection to the 2007 Amended Complaint.

Based on the foregoing, we conclude that Hovnanian *waived* its right to binding arbitration. *Stanley–Laman Group, Ltd.,* 939 A.2d at 387. As Unit Purchasers claim, "the simple fact that the Hovnanian Parties allowed the Preliminary Objection process to proceed for months, with the arbitration argument at the ready, involves [a] conscious engagement with the judicial process that cannot be ignored." Unit Purchasers' Brief at 33. Hovnanian's conduct "was inconsistent with a purpose to stand on the contract arbitration provision as to leave no opportunity for a reasonable inference to the contrary." *Goral,* 683 A.2d at 933; *Keystone Tech. Group, Inc.,* 824 A.2d at 1226; *LSI Title Agency, Inc.,* 951 A.2d at 391–392. Moreover, Hovnanian's active participation in the judicial process resulted in an undue advantage to Hovnanian and prejudice to Unit Purchasers, specifically, the dismissal of Count VII and an avoidable, two-year delay in proceeding to binding arbitration. *Kwalick v. Bosacco,* 329 Pa.Super. 235, 478 A.2d 50, 52 (1984); *Keystone Tech. Group, Inc.,* 824 A.2d at 1226; *LSI Title Agency, Inc.,* 951 A.2d at 391–392. For these reasons, we further conclude the trial court committed an error of law in sustaining Hovnanian's preliminary objections, dismissing the complaint, and transferring the matter to binding arbitration.

Unit Purchasers' second and third issues challenge the trial court's determinations that the claims against Intech could be dismissed and submitted to arbitration and that an enforceable arbitration agreement existed. However, our resolution of the Unit Purchasers' first issue renders their second and third issues moot. Therefore, we need not address them.[3] Consequent-

---

**3.** Were we to entertain the third issue, we would note that Unit Purchasers did not raise

ly, we reverse the order sustaining Hovnanian's preliminary objections, dismissing the complaint, and transferring this matter to binding arbitration, and we remand for proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

---

an issue regarding the trial court's failure to conduct a hearing on whether a binding arbitration agreement existed. Thus, Unit Purchasers' third issue would be deemed waived.

Pa.R.A.P. 1925(b)(4)(vii); *Lazarski v. Archdiocese of Philadelphia,* 926 A.2d 459 (Pa.Super.2007), *appeal denied,* 594 Pa. 714, 937 A.2d 446 (2007).`