J-A17008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MASON-DIXON RESORTS GP, LLC AND MASON-DIXON RESORTS, LP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID M. LEVAN AND MASON-DIXON DOWNS I, LLC | : | No. 2298 EDA 2020 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered October 27, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200300078

BEFORE:   McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED NOVEMBER 10, 2021**

David M. LeVan and Mason Dixon Downs I, LLC, ("LeVan Defendants"), appeal from the denial of their petition to compel arbitration. We affirm.

Mason-Dixon Resorts GP, LLC and Mason-Dixon Resorts, LP, ("Mason-Dixon") filed a complaint against the LeVan Defendants in the Court of Common Pleas of Philadelphia County. In the complaint, Mason-Dixon asked the court to pierce the corporate veil and issue a declaratory judgment holding LeVan personally liable for a $6 million arbitration award owed by Mason-Dixon Downs, LP[1] and Mason-Dixon Downs I, LLC. The $6 million amount was a contingent payment based on breach of an earlier settlement agreement

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In the complaint, Mason-Dixon characterized Mason-Dixon Downs, LP, as an insolvent entity and did not join it as a defendant.

("Settlement Agreement") between the parties. The LeVan Defendants were served with the complaint on April 1, 2020.

The LeVan Defendants first, on July 2, 2020, filed a preliminary objection to venue, arguing that the matter should be litigated in Adams County rather than Philadelphia County. The trial court overruled the preliminary objection, on September 3, 2020.

While the preliminary objection was pending, on August 25, 2020, the LeVan Defendants filed a petition to transfer venue based on *forum non conveniens*. The trial court denied the request on September 21, 2020.

The LeVan Defendants then, on October 2, 2020, filed a petition to compel arbitration, based on a clause in the Settlement Agreement. While that was pending, on October 5, 2020, they filed an answer to the complaint. The trial court denied the petition to compel arbitration, on October 27, 2020, finding that the LeVan Defendants had "enthusiastically availed themselves of the judicial process" and in so doing, had waived their right to arbitrate. Trial Ct. Order, 10/27/20. This timely appeal followed.[2]

The LeVan Defendants raise two issues on appeal.

> 1. Did the trial court abuse its discretion in finding that Defendants waived the right to arbitration, where the Petition to Compel Arbitration was submitted before Defendants filed an answer, served any discovery, or sought substantive relief from the trial court and the trial court

---

[2] An interlocutory order denying a petition to compel arbitration is immediately appealable as of right. ***See*** 42 Pa.C.S.A. § 7320(a)(1).

made no finding of prejudice to Plaintiffs from Defendants' conduct in the Litigation?

2. Did the trial court err by ruling on the Petition to Compel Arbitration, rather than referring the question to an arbitrator, where the arbitration agreement between the parties incorporates arbitration rules delegating and granting the arbitrator jurisdiction to make the determination of whether the Litigation is subject to arbitration?

LeVan Defendants' Br. at 3.

Our review of an order denying a petition to compel arbitration "is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition." *GE Lancaster Invs., LLC v. Am. Exp. Tax & Bus. Servs., Inc.*, 920 A.2d 850, 853 (Pa.Super. 2007) (citation omitted).

The LeVan Defendants first argue that the trial court abused its discretion when it found that they had waived their right to arbitration. They contend that they raised the issue of arbitration promptly because they filed the petition to compel arbitration during the "nascent pleadings stage." LeVan Defendants' Br. at 20. They assert that they did not propound any discovery requests, but rather merely responded to Mason-Dixon's discovery requests. The LeVan Defendants concede that they filed a preliminary objection to venue and a *forum non conveniens* petition but argue that those actions should be given little weight because they claim neither action prejudiced Mason-Dixon. They attempt to distinguish cases in which courts have found waiver of arbitration on the ground that those cases involved rulings on the substantive merits of the case or regarding discovery, while their preliminary objection

- 3 -

and petition related only to venue. *See id.* at 23. The LeVan Defendants also note that the present case was not ready for trial when they petitioned to compel arbitration.

Mason-Dixon asserts that the court appropriately found that LeVan Defendants waived their right to arbitration because they fully availed themselves of the judicial process. *See* Mason-Dixon's Br. at 18. In support, they cite ***DiDonato v. Ski Shawnee, Inc.***, 242 A.3d 312 (Pa.Super. 2020), *appeal denied*, No. 62 MAL 2021, 2021 WL 2069494 (Pa. May 24, 2021). Mason-Dixon argues that like the defendants in that case, the LeVan Defendants' engagement in the judicial process with respect to venue showed that they "were ready to litigate the claims in court (as opposed to in arbitration), so long as the jurisdiction was not in the Philadelphia County Court of Common Pleas." ***Id.*** at 322.

Finally, Mason-Dixon claims it was prejudiced because it had to respond to the LeVan Defendants' objections and petitions and would be further prejudiced if it had to "re-initiate legal proceedings before the American Arbitration Association incurring additional costs." Mason-Dixon's Br. at 22 (quoting ***GE Lancaster Invs., LLC***, 920 A.2d at 856).

"It is well-settled that although as a matter of public policy, our courts favor the settlement of disputes by arbitration, . . . the right to enforce an arbitration clause can be waived." ***O'Donnell v. Hovnanian Enters., Inc.***, 29 A.3d 1183, 1187 (Pa.Super. 2011) (citation and quotation marks omitted, ellipsis in original).

- 4 -

> [A] party cannot avail itself of the judicial process and then pursue an alternate route when it receives an adverse judgment. To allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate judicial inefficiency; this we are unwilling to do.

*DiDonato*, 242 A.3d at 319 (citation and quotation marks omitted).

> Among the factors to look at in determining whether a party has accepted the judicial process are whether the party (1) fail[ed] to raise the issue of arbitration promptly, (2) engage[d] in discovery, (3) file[d] pretrial motions which do not raise the issue of arbitration, (4) wait[ed] for adverse rulings on pretrial motions before asserting arbitration, or (5) wait[ed] until the case is ready for trial before asserting arbitration.

*O'Donnell*, 29 A.3d at 1187 (citation and quotation marks omitted).

In *O'Donnell*, the defendants first raised an arbitration agreement between the parties in their preliminary objections to the third iteration of the complaint filed by the plaintiffs. The trial court sustained the preliminary objection and compelled arbitration.

On appeal, this Court reversed, finding that defendants had waived the right to arbitration. *See id.* at 1189. We reasoned that "the simple fact that [the defendants] allowed the preliminary objection process to proceed for months, with the arbitration argument at the ready, involves a conscious engagement with the judicial process that cannot be ignored." *Id.* (citation and some capitalization omitted).

In *DiDonato*, the defendants filed preliminary objections with respect to improper venue and filed a notice of removal to federal court based on diversity jurisdiction. The federal court remanded for lack of jurisdiction, and the parties then engaged in venue-related discovery. The trial court sustained

the preliminary objection to venue and transferred the case. The defendants then filed a motion to compel arbitration, which the trial court granted.

On appeal, this Court agreed with the plaintiff's claim that the defendants had waived their right to arbitration by failing to timely raise it. We held that "[t]he fact that the [] defendants allowed the preliminary objection process to proceed for months, with the arbitration argument at the ready, involves a conscious engagement with the judicial process that this Court cannot ignore." *DiDonato*, 242 A.3d at 322 (citing *O'Donnell*, 29 A.3d at 1189).

We further found that the plaintiff had been prejudiced by the defendants' tactical maneuvers because if the arbitration provision had been timely raised, the plaintiff would have been spared the time, effort, and expense of filing a response to preliminary objections, engaging in pre-trial discovery, and filing a motion to remand the case to state court. *See id.* We explained that in addition to the costs the plaintiff incurred in litigating the matters raised prior to the petition to compel arbitration, the trial court's order compelling arbitration would require the plaintiff to reinitiate some of its claims in arbitration, generating additional costs. *See id.* at 323.

Instantly, the trial court found that the LeVan Defendants had waived their right to arbitration. The court stated:

> Defendants have enthusiastically availed themselves of the judicial process by conducting a spirited litigation without invoking the right to arbitration until the filing of the instant motion. Defendants' first opportunity to invoke the arbitration provision was through the filing of preliminary objections. Though the Rules

of Civil Procedure permit a defendant to assert a preliminary objection based on an arbitration agreement, [the LeVan Defendants] chose not to raise the right to arbitrate and instead objected to litigating this matter in Philadelphia rather than Adams County. Defendants' preliminary objections were overruled. Defendants next filed a petition to transfer to Adams County for *forum non conveniens*, which this court also denied. Defendants then sought the right to appeal the denial to transfer by filing a motion to certify the court's order denying [the LeVan Defendants'] petition to transfer for appeal.

Defendants now invoke the right to arbitrate seven months after receiving the complaint and after receiving multiple adverse rulings regarding where the action should be heard. Defendants have availed themselves of the judicial process by filing preliminary objections without invoking arbitration, a petition to transfer, a motion seeking to appeal that denial of transfer, and engaging in significant discovery including providing written responses and objections to interrogatories, serving discovery requests, and negotiating and executing two agreements regarding confidentiality and discovery in this matter.

Accordingly, for the aforementioned reasons, [the LeVan Defendants] have clearly availed themselves of the judicial process and have waived the right to arbitrate. Therefore, the petition is denied.

Trial Ct. Order, at 2 (citations omitted).

The record supports the trial court's decision, and it did not abuse its discretion. Mason-Dixon filed the complaint in March 2020 and served it on the LeVan Defendants in April 2020. After being served with the complaint, the LeVan Defendants filed a preliminary objection challenging venue. While their objection was pending, they responded to discovery requests from Mason-Dixon and negotiated agreements concerning confidentiality and discovery. They also petitioned for a *forum non conveniens* transfer, which the trial court also denied.

Hence, on this record, the trial court permissibly exercised its discretion and determined that the LeVan Defendants did not promptly raise the issue of arbitration. They challenged the propriety of venue in Philadelphia, engaged in discovery,[3] and sought a discretionary venue transfer, only seeking arbitration after they obtained adverse rulings on their attempts to change venue. Like the defendants in **O'Donnell**, they thus demonstrated their willingness to litigate in court, and only sought arbitration once it became apparent that litigation would take place in Philadelphia. **See O'Donnell**, 29 A.3d at 1187.

Furthermore, the record demonstrates prejudice to Mason-Dixon. In addition to having to undertake the time, effort, and expense of filing a response to both the preliminary objection and transfer petition, if this matter were now sent to arbitration, Mason-Dixon would be forced to reinitiate its claims in arbitration, generating additional costs. **See DiDonato**, 242 A.3d at 322.

Accordingly, we conclude that the trial court did not abuse its discretion in finding that the LeVan Defendants accepted the judicial process and waived any right to arbitration. The LeVan Defendants' first issue is meritless.

---

[3] The record is not clear whether the LeVan Defendants served discovery requests on Mason-Dixon. Although both the trial court and Mason-Dixon claim that LeVan Defendants served such requests, LeVan Defendants deny having done so. Regardless, based on the LeVan Defendants' other actions availing themselves of the judicial process, in either case we would not conclude that the trial court's decision to find waiver was an abuse of its discretion.

In their second issue, the LeVan Defendants claim that the trial court erred when it failed to refer the petition to compel arbitration to an arbitrator. They argue that the arbitration agreement in question incorporated the American Arbitration Association rules, which delegate the question of arbitrability to the arbitrator. *See* LeVan Defendants' Br. at 25-26.

This Court rejected a similar claim in *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship*, 610 A.2d 499, 502 (Pa.Super. 1992). There, we held that "[t]imeliness is an issue in arbitration, but only after the court has determined that the arbitration clause is valid and applicable. It is clearly within the purview of the court to determine the applicability of the arbitration clause as well as any occurrences of waiver." *Id.* at 502 (citations omitted). Accordingly, we conclude that the trial court did not abuse its discretion by deciding the LeVan Defendants' petition to compel.

Order affirmed.


*Judgment Entered.*

![signature]

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: _11/10/2021_