**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDREA N. WATSON, INDIVIDUALLY AND AS CO-EXECUTOR OF THE ESTATE OF LORNA L. WATSON, DECEASED, AND ANTHONY O'BRIEN WATSON, INDIVIDUALLY AND AS CO-EXECUTOR OF THE ESTATE OF LORNA L. WATSON, DECEASED | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | No. 1965 EDA 2022 |
| v. | : : : : | |
| THE TERRACE AT CHESTNUT HILL SENIOR LIVING, MERIDIAN SENIOR LIVING, LLC, ABINGTON SENIOR CARE, LLC, ROC SENIORS HOUSE FUND MANAGER, LLC, BRIDGE SENIOR LIVING, LLC, BRIDGE INVESTMENT GROUP, LLC, BRIDGE SENIORS HOUSING FUND MANAGER, LLC, BAYADA HOME HEALTH CARE, INC., AFRA WOUND CARE ASSOCIATES, LLC D/B/A AFRA WOUND CARE ASSOCIATES, JUNIPER COMMUNITIES, LLC, VOHRA WOUND PHYSICIANS OF PENNSYLVANIA PA PC D/B/A VOHRA WOUND, NIKKI BEEKMAN IN HER CAPACITY AS THE EXECUTIVE DIRECTOR, IVY HILL REHAB CENTER, LLC D/B/A IVY HILL REHAB CENTER, HADLEY HEALTCARE GROUP, ARISTACARE HEALTH SERVICES A/K/A ARISTACARE | : : : : : : : : : : : : : : : : : : : : : : : : : : | |
| APPEAL OF: THE TERRACE AT CHESTNUT HILL SENIOR LIVING, MERIDIAN SENIOR LIVING, LLC, ABINGTON SENIOR CARE, LLC, ROC SENIORS HOUSE FUND MANAGER, LLC, BRIDGE SENIOR LIVING, LLC, | : : : : : : | |

J-A10011-23

BRIDGE INVESTMENT GROUP, LLC,     :
BRIDGE SENIORS HOUSING FUND       :
MANAGER, LLC

Appeal from the Order Entered July 20, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  200900101

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 7, 2023**

The Terrace at Chestnut Hill Senior Living ("Chestnut Hill")[1] appeals from the order denying its petition to compel arbitration in this wrongful death and survival action brought by Andrea Watson and Anthony O'Brien (collectively, "Executors"), as co-executors of their mother's estate.[2] Executors alleged Chestnut Hill had provided substandard care and treatment to their mother, Lorna Watson ("Decedent") prior to her death. After approximately nine months of litigation and discovery, Chestnut Hill sought to compel arbitration under the terms of the nursing home's Residency Agreement. The trial court found that Chestnut Hill had waived its right to

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellants in this matter also include Meridian Senior Living, LLC; Abington Senior Care, LLC; ROC Seniors House Fund Manager, LLC; Bridge Senior Living, LLC; Bridge Investment Group, LLC; and Bridge Seniors Housing Fund Manager, LLC. For clarity, we will refer to all appellants collectively as Chestnut Hill.

[2] "Although interlocutory, an appeal may be taken as of right from an order denying a petition to compel arbitration." ***Traver v. Reliant Senior Care Holdings, Inc.***, 228 A.3d 280, 283 n.1 (Pa. Super. 2020); ***see also*** 42 Pa.C.S.A. § 7320(a)(1); Pa.R.A.P. 311(a)(8).

compel arbitration by engaging in the judicial process. After careful review, we affirm.

Decedent resided in at least two different nursing home facilities and received care through various entities,[3] including Chestnut Hill, between August 2018 and March 2019. Prior to Decedent's admission to Chestnut Hill, Andrea executed a Residency Agreement on Decedent's behalf. The Residency Agreement included an attachment titled Resident and Community Arbitration Agreement, which provided for mandatory and binding arbitration over delineated categories of disputes, including those for personal injury or medical malpractice.

Decedent died on March 29, 2019. Executor initiated the instant action by filing a writ of summons. On January 22, 2021, Executors filed a complaint against Chestnut Hill and various other healthcare entities, advancing wrongful death and survival actions based in ordinary and corporate negligence. Executors also sought punitive damages. Executors alleged that as a result of Chestnut Hill's inadequate care, Decedent suffered injuries including bed sores and pressure ulcers, accompanied by emotional distress. The bed sores required surgery and later became infected, which led to septic shock, and ultimately, her death.

---

[3] We limit our recitation of the factual and procedural history to that which is relevant to the parties involved in this appeal.

J-A10011-23

Chestnut Hill filed preliminary objections, which the parties resolved through stipulations. Chestnut Hill subsequently filed an answer and new matter, which, notably, included no reference to the arbitration agreement.

Executors filed an amended complaint. On May 11, 2021, the parties filed a stipulation, in which Executors agreed to withdraw the punitive damages claims against Chestnut Hill and to strike certain specified allegations from the amended complaint. Chestnut Hill subsequently filed an answer to the amended complaint, which again lacked any reference to the arbitration agreement.

On November 17, 2021, Chestnut Hill filed a petition to compel arbitration under the terms of the Residency Agreement. In response, Executors argued Chestnut Hill waived its right to compel arbitration by accepting judicial process. The trial court agreed with Executors that Chestnut Hill had waived its right to compel arbitration and denied Chestnut Hill's petition. Chestnut Hill filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Chestnut Hill argues on appeal that the arbitration agreement is valid and enforceable, and Executors' claims are within the scope of the agreement. *See* Appellants' Brief at 11-16. Chestnut Hill asserts it did not waive its right to compel arbitration because the delay did not prejudice Executors and Chestnut Hill did not obtain a relevant ruling on a pre-trial motion. ***See id.*** at 17-21.

- 4 -

Our review of an order denying a petition to compel arbitration is "limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion." *DiDonato v. Ski Shawnee, Inc.*, 242 A.3d 312, 318 (Pa. Super. 2020) (citation omitted).

Pennsylvania courts favor the settlement of disputes by arbitration as a matter of public policy. *See id.* However, the right to enforce an arbitration provision may be waived if the party seeking to compel arbitration accepts judicial process. *See id.*

> When deciding whether a party accepted judicial process to constitute waiver of a claim to arbitration, courts assess whether the party: (1) failed to raise the issue of arbitration promptly; (2) engaged in discovery; (3) filed pretrial motions that do not raise the issue of arbitration; (4) waited for adverse rulings on pre-trial motions before asserting arbitration; **or** (5) waited until the case is ready for trial before asserting arbitration. Significantly, a party cannot avail itself of the judicial process and then pursue an alternate route when it receives an adverse judgment. To allow litigants to pursue that course and thereby avoid the waiver doctrine and our rules of court is to advocate for judicial inefficiency; this we are unwilling to do. Nevertheless, the mere filing of a complaint or answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration.

*Id.* at 318-19 (internal citations and quotation marks omitted; emphasis in original).

Here, the trial court concluded that the arbitration provision was valid, but that Chestnut Hill waived its right to compel arbitration by availing itself of the judicial process. *See* Trial Court Opinion, 9/21/22, at 5-10. Our review

- 5 -

of the record confirms that after Executors filed the original complaint on January 22, 2021, Chestnut Hill filed preliminary objections to the original complaint and filed answers to both the original and amended complaints, none of which acknowledged the existence of a binding arbitration agreement or sought to compel arbitration.[4] Chestnut Hill also participated in discovery, again without any mention of the arbitration agreement. Chestnut Hill therefore had many earlier opportunities to raise the issue but declined to do so. Instead, Chestnut Hill first sought to compel arbitration approximately nine months after Executors' original complaint was filed, and several months after filing an answer to Executors' amended complaint.

Moreover, as the trial court aptly explained, Chestnut Hill gained advantages by participating in the judicial process. In particular, as a result of engaging in pre-trial litigation, "[Chestnut Hill was] able to dismiss claims of punitive damages against [it], along with striking certain other allegations." *Id.* at 10. Chestnut Hill did not raise the issue of arbitration until six months after it entered into an advantageous stipulation with Executors. Therefore, Chestnut Hill's participation in the judicial process resulted in an advantage to Chestnut Hill and prejudice to Executors. *See DiDonato*, 242 A.3d at 321-22 (concluding defendants waived their right to compel arbitration by accepting

---

[4] In a footnote in the petition to compel, Chestnut Hill stated it was unaware of the existence of a signed arbitration agreement until it was produced by Executors in discovery. We can find no abuse of discretion in the trial court's assessment that this explanation was less than credible. *See* Trial Court Opinion, 9/21/22, at 8.

judicial process where they did not raise the issue of arbitration until nearly a year after the original complaint had been filed; defendants engaged in pre-trial discovery and filed preliminary objections without raising the issue; and waited for court decisions on the pre-trial issues before seeking to compel arbitration); *O'Donnell v. Hovnanian Enters., Inc.*, 29 A.3d 1183, 1188-89 (Pa. Super. 2011) (concluding defendant corporation waived its right to compel arbitration where it failed to raise the issue of arbitration in initial preliminary objections; entered a tolling agreement when its preliminary objections were sustained in part, dismissing one count from the cause of action; and raised the arbitration provision nearly two years later when settlement negotiations failed and plaintiffs reinstated the complaint). We conclude the trial court's findings are supported by substantial evidence, and we otherwise discern no abuse of the trial court's discretion. Accordingly, we affirm the trial court's order denying Chestnut Hill's petition to compel arbitration.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2023