J-A13026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DENNIS CHOLAK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CNX GAS COMPANY, LLC, A | : | |
| VIRGINIA LIMITED LIABILITY | : | |
| COMPANY, AND CNX GAS PA, LLC, A | : | No. 1563 WDA 2024 |
| DELAWARE LIMITED LIABILITY | : | |
| COMPANY | : | |
| | : | |
| Appellants | | |

Appeal from the Order Entered November 19, 2024
In the Court of Common Pleas of Greene County Civil Division at No(s):
AD-163-2023

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 25, 2025**

Appellants, collectively, CNX Gas Company, LLC, a Virginia Limited Liability Company, and CNX Gas PA, LLC, a Delaware Limited Liability Company, appeal from the November 19, 2024 order entered in the Court of Common Pleas of Greene County that overruled Appellants' preliminary objection to the second amended complaint filed by Dennis Cholak ("Cholak"). In particular, Appellants challenge the trial court's determination that they waived their right to compel arbitration. After careful review, we affirm.

Cholak initiated a cause of action against Appellants by filing a *praecipe* for *writ* of summons on March 30, 2023 and the trial court issued a *writ* that same day. On May 15, 2023, Appellants filed a *praecipe* for a rule to file a complaint, which the trial court issued that same day. Cholak filed a complaint

on June 26, 2023, asserting that Appellants breached an oil and gas lease agreement pertaining to Cholak's property ("lease agreement") by failing to pay royalties due under the lease agreement.[1]  Complaint, 6/26/23, at ¶¶16-23.

On August 31, 2023, Appellants filed preliminary objections to Cholak's complaint on the grounds of "insufficient specificity in a pleading" and "legal insufficiency of a pleading (*demurrer*)."  Preliminary Objections to Complaint, 8/31/23, at ¶9.  Appellants asserted that the complaint failed to plead factual averments to support Cholak's claims for certain types of damages, as well as injunctive relief and fees.  *Id.* at ¶¶10-20.  Appellants requested that the complaint be dismissed with prejudice as to Cholak's requests for certain damages and other relief.  *Id.* at 4.  After several consented-to requests for continuances, a hearing on Appellants' preliminary objections was held on April 17, 2024.[2]  On April 19, 2024, the trial court sustained Appellants' preliminary objections and provided Cholak twenty days to file an amended complaint.

On May 9, 2024, Cholak filed an amended complaint, setting forth a cause of action for breach of contract, as well as a cause of action for violation

_____

[1] Cholak "owns property in Richhill Township, Greene County[, Pennsylvania that] is subject to an oil and gas lease [agreement] entered into on October 28, 2011."  Trial Court Order, 4/19/24.

[2] Prior to the hearing, Cholak filed a response to Appellants' preliminary objections on April 12, 2024.

of 58 P.S. § 35.3.[3]  On May 29, 2024, Appellants filed preliminary objections to Cholak's amended complaint on, *inter alia*, the ground that the parties had an agreement for alternative dispute resolution.  Preliminary Objections to Amended Complaint, 5/29/24, at ¶¶41-49.  Appellants requested that the trial court stay the proceedings and compel arbitration as required by the lease agreement.  *Id.* at ¶50.  A hearing on Appellants' preliminary objections was scheduled for August 21, 2024.

On July 8, 2024, Cholak filed a second amended complaint, again setting forth causes of action for breach of contract and a violation of Section 35.3 of the Oil and Gas Lease Act.[4]  Second Amended Complaint, 7/8/24, at ¶¶23-32. On August 2, 2024, Appellants filed a preliminary objection to the second amended complaint.  In their preliminary objection, Appellants asserted that the parties "agreed to arbitration as the 'exclusive remedy' to 'cover all disputes, including the formation, execution, validity[,] and performance of the lease [agreement] and order of payment[.]'"  Preliminary Objection to Second Amended Complaint, 8/2/24, at ¶¶15, 22.  Appellants further averred

_____

[3] Section 35.3 of the Oil and Gas Lease Act requires that certain information, such as "[a] common well name and the American Petroleum Institute identification number that identifies the well for which payment is being made," be provided "[w]henever payment is made to a royalty owner for the production of oil, gas[,] or natural gas liquids from an unconventional formation, pursuant to an oil and gas lease."  58 P.S. § 35.3.

[4] As a result of Cholak filing his second amended complaint, the hearing on Appellants' preliminary objections to the first amended complaint was cancelled.  Trial Court Order, 7/10/24.

that "[w]ithout question, the bases of [Cholak's] claims – *i.e.*[,] the failure to 'accurately' calculate royalties and otherwise 'timely' pay the same - fall squarely within the scope of the agreement to arbitrate." *Id.* at ¶23. Appellants again requested that the trial court stay the proceedings and compel arbitration. *Id.* at ¶25. A hearing was scheduled on Appellants' preliminary objections for October 17, 2024. On October 11, 2024, Cholak filed a brief in opposition to the preliminary objection. Appellants filed a reply brief in support of the preliminary objection on October 15, 2024. After entertaining argument on the matter, the trial court, on November 19, 2024, overruled Appellants' preliminary objection, finding that they waived their right to compel arbitration. Trial Court Order, 11/19/24. This appeal followed.[5]

Appellants raise the following issues for our review:

[1.] Did the trial court commit an error of law in failing to apply the appropriate standard to a claimed waiver of an arbitration provision?

[2.] Did the trial court abuse its discretion in finding that [Appellants] waived [their] right to [compel] arbitration because Cholak's "expedient disposition of the matter" was

_____

[5] Appellants and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Typically, "[a]n order overruling preliminary objections is an interlocutory order. The law is clear, however, that an order overruling preliminary objections that seek to compel arbitration is an interlocutory order appealable as of right pursuant to 42 Pa.C.S.[A.] § 7320(a)(1) and Pa.R.A.P. 311(a)(8)." *In re Est. of Atkinson*, 231 A.3d 891, 897 (Pa. Super. 2020) (citations omitted).

prejudiced by [Appellants'] "availing [themselves of the trial] court's jurisdiction for a year prior to seeking arbitration[?"]

Appellants' Brief at 2 (extraneous capitalization omitted).

Appellants' issues, *in toto*, challenge an order that overruled their preliminary objection to compel arbitration. Our standard of review of an order overruling a preliminary objection in the nature of a request to compel arbitration is "limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court abused its discretion in denying the petition." *Bair v. Manor Care of Elizabethtown, PA, LLC*, 108 A.3d 94, 96 (Pa. Super. 2015) (citation omitted), *appeal denied*, 125 A.3d 775 (Pa. 2015); *see also Cardinal v. Kindred Healthcare, Inc.*, 155 A.3d 46, 49-50 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1063 (Pa. 2017). An "abuse of discretion" occurs when a trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious, failed to apply the law, or was motivated by partiality, prejudice, bias, or ill-will. *Page Publ'g, Inc. v. Hemmerich*, 287 A.3d 948, 954 (Pa. Super. 2022). "When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom." *O'Donnell v. Hovnanian Enters., Inc.*, 29 A.3d 1183, 1186 (Pa. Super. 2011) (citation omitted).

"It is well-settled that[,] as a matter of public policy, our courts favor the settlement of disputes by arbitration." *GE Lancaster Invs., LLC v. Am. Express Tax and Bus. Servs, Inc.*, 920 A.2d 850, 853 (Pa. Super. 2007)

(citation, original quotation marks, and original brackets omitted); *see also Atkinson*, 231 A.3d at 898 (stating, "if a valid agreement to arbitrate exists and the dispute falls within the scope of the arbitration agreement, the dispute must be submitted to arbitration and the [trial] court's denial of arbitration must be reversed"). "Nevertheless, the right to enforce an arbitration clause can be waived." *GE Lancaster*, 920 A.2d at 853 (citation omitted). "Waiver may be established by a party's express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." *Id.* (citation omitted). "[A] waiver of a right to proceed to arbitration pursuant to the term of a contract providing for binding arbitration should not be lightly inferred and unless [a party's] conduct has gained [it] an undue advantage or resulted in prejudice to another[, the party] should not be held to have relinquished the right." *Id.* at 854, *citing* *Kwalick v. Bosacco*, 478 A.2d 50, 52 (Pa. Super. 1984). "A party's acceptance of the regular channels of the judicial process can demonstrate its waiver of arbitration." *Stanley-Laman Grp., Ltd. v. Hyldahl*, 939 A.2d 378, 382-383 (Pa. Super. 2007).

> Among the factors to look at in determining whether a party has accepted the judicial process are whether the party (1) failed to raise the issue of arbitration promptly, (2) engaged in discovery, (3) filed pretrial motions which do not raise the issue of arbitration, (4) waited for adverse rulings on pretrial motions before asserting arbitration, or (5) waited until the case is ready for trial before asserting arbitration.

*O'Donnell*, 29 A.3d at 1187 (quotation marks and brackets omitted); *see also Stanley-Laman*, 939 A.2d at 383.

Here, Appellants contend that, at the outset, the trial court erred in failing to recognize and acknowledge the "strong public policy favoring arbitration." Appellants' Brief at 11. Appellants further assert that, before ruling on the preliminary objections, the trial court was required to analyze **all** the factors for assessing waiver of an arbitration clause as set forth in *O'Donnell*, *supra*, as well as consider whether, or not, the delay in raising the arbitration issue resulted in an undue advantage for Appellants or prejudice to Cholak. *Id.* at 11-12. Appellants contend that the trial court, in overruling the preliminary objections, erred by relying solely on its finding that Appellants' "delay in asserting arbitration alone [was] sufficient to find [] waiver." *Id.* at 12, 15. Appellants argue that their "failure to raise arbitration in response to the initial [c]omplaint alone simply does not suffice to establish waiver."[6] *Id.* at 13. Appellants assert that they raised the arbitration issue eleven months after Cholak filed his initial complaint and that eleven months is legally insufficient to support waiver. *Id.* at 13, 15. Appellants contend that their conduct prior to the trial court's waiver finding could not "remotely be considered an 'unfair advantage' in [their] favor [] such that it could

---

[6] In Appellants' brief and at oral argument, Appellants acknowledged that they failed to raise the issue of arbitration in their preliminary objections to Cholak's initial complaint. *See* Appellants' Brief at 15 (stating, "[t]he only time [Appellants] failed to raise arbitration was in response to the initial [c]omplaint").

support [] waiver of a right to arbitration."[7]  *Id.* at 16.  Appellants aver that the trial court's "finding that [they] waived their right to arbitration because Cholak's 'expedient disposition of the matter' was prejudiced by [Appellants] 'availing [themselves of the trial c]ourt's jurisdiction for a year prior to seeking arbitration' was an abuse of discretion[.]"  *Id.* at 17.

In overruling the preliminary objection and finding that Appellants waived their right to compel arbitration, the trial court explained,

> [Appellants] did not raise the issue of arbitration for nearly a year and a half after the filing of the complaint[.[8]  Appellants] responded to, thus engaged in, discovery with [Cholak], albeit pre-complaint.  [Appellants] also filed preliminary objections to the original complaint in August [] 2023[,] and to the amended

---

[7] According to Appellants, their conduct prior to the trial court's waiver finding included:

- Objecting to pre-complaint document requests;
- Not raising arbitration in response to the complaint but raising it in response to the first amended complaint;
- Succeeding in preliminary objections as to the complaint's vague references to "incidental damages" and request for punitive damages and fees in connection[] with a sing[le] breach of contract count; and
- Responding to two [] document requests and one [] interrogatory by providing limited documents and information which were either publicly available or in Cholak's possession.

Appellants' Brief at 16 (extraneous capitalization omitted).

[8] The trial court's conclusion that Appellants failed to seek arbitration *vis-à-vis* a preliminary objection for more than a year and a half after the complaint was filed is unsupported by the record.  As discussed in greater detail *infra*, Appellants first moved to compel arbitration in their preliminary objections to Cholak's first amended complaint, which were filed more than eleven months after Cholak filed the initial complaint.

complaint in May [] 2024; both times failing to raise the issue of arbitration.[9]   While [the trial] court's prior rulings have been mixed as to [who was aggrieved by its rulings] and this matter is far from ripe for trial, it is clear that [Appellants] failed to raise[] and has[,] thus[,] waived[] [their] right to arbitration.

As to prejudice, the cases cited by the parties wherein arbitration was allowed tend to be those in which the plaintiff avails itself of the [trial] court's jurisdiction but later seeks arbitration.  Here it is [Appellants] who availed [themselves of the trial] court's jurisdiction for a year prior to seeking arbitration, thus prejudicing [Cholak's] expedient disposition of the matter.  As noted in **O'Donnell**, "the simple fact that the defendants allowed the preliminary objection process to proceed for months, with the arbitration argument at the ready, involves a conscious engagement with the judicial process that cannot be ignored." [**O'Donnell**, 29 A.3d at 1189.]

Trial Court Order, 11/19/24 (extraneous capitalization and original brackets omitted).

The record demonstrates that, on June 26, 2023, Cholak filed a complaint against Appellants that asserted a claim for breach of contract.  As part of his breach of contract claim, Cholak stated that he "suffered damages and further special, consequential, incidental, and compensatory damages" and requested "injunctive relief, punitive damages, fees, costs, interest, and any other such [] relief as [the trial court] may deem just and appropriate." Complaint, 6/23/23, at ¶23 and "Wherefore" clause.  On August 31, 2023, Appellants filed preliminary objections on the ground that the complaint lacked

_____

[9] Again, the trial court's findings that Appellants did not raise the issue of arbitration in their preliminary objections to Cholak's first amended complaint is not supported by the record.  Appellants' preliminary objections to the first amended complaint filed on May 29, 2024 expressly raised the parties' agreement for alternative dispute resolution.  Preliminary Objections to Amended Complaint, 5/29/24, at ¶¶ 41-49.

sufficient specificity to support a claim for special damages, incidental damages, injunctive relief, punitive damages, and fees. Preliminary Objections, 8/31/23, at ¶¶9-20. Appellants asked the trial court to dismiss with prejudice Cholak's claims for the aforementioned damages, injunctive relief, and fees. *Id.* at 4. On April 19, 2024, the trial court found the complaint contained "the sufficient pleading of interest as a special damage" but that the pleadings were insufficient to support Cholak's requests for incidental damages, punitive damages, injunctive relief, and fees. Trial Court Order, 4/19/24, at 2. The trial court sustained Appellants' preliminary objections and granted Cholak twenty days to file an amended complaint.

On May 9, 2024, Cholak filed an amended complaint asserting claims of breach of contract and a violation of Section 35.3 of the Oil and Gas Lease Act. Amended Complaint, 5/9/24, at ¶¶17-28. Cholak pled that he "suffered damages" and was "entitled to the statutory 'mandatory payment of an interest penalty to be set at the legal rate of interest.'" *Id.* at 6-7. Cholak requested the trial court grant him "injunctive relief, costs, pre-judgment interest and post-judgment interest, statutory penalties, and any other relief as [the trial court] may deem just and proper" but no longer made a request for incidental and punitive damages. *Id.* On May 29, 2024, Appellants filed preliminary objections to the amended complaint. In their preliminary objections, Appellants asserted there was no factual basis to support a claim for breach of contract because Appellants, in fact, paid Cholak the royalties due under the lease agreement and that Section 35.3 of the Oil and Gas Lease

Act did not provide "an independent cause of action." Preliminary Objections to Amended Complaint, 5/29/24, at ¶¶21-40. Appellants also presented, for the first time, a motion to compel arbitration as required by the lease agreement. *Id.* at ¶¶41-50.

After Appellants filed their May 2024 preliminary objections, Cholak filed a second amended complaint on July 7, 2024, setting forth similar causes of action and requesting similar relief. Among the differences in the pleadings set forth in the second amended complaint, Cholak pled that Appellants "did not timely pay royalties" and "failed to pay [Cholak] the full amount of royalties owed." Second Amended Complaint, 7/7/24, at ¶¶17, 27-29. On August 2, 2024, Appellants filed a preliminary objection to the second amended complaint that raised only a motion to compel arbitration. Preliminary Objection to Second Amended Complaint, 8/2/24, at ¶¶14-25. On November 19, 2024, the trial court overruled the preliminary objection, finding that Appellants waived their right to compel arbitration.

As has long-been-held, waiver of a right to compel arbitration is not to be lightly inferred. *Kwalick*, 478 A.2d at 52. A showing of mere delay in raising the issue of arbitration is not sufficient to find waiver. *Id.* (finding that, the filing of a complaint and an answer, new matter, and a counterclaim does not automatically mean that a party waived its right to proceed to arbitration as required by a contract). Rather, waiver of a right to compel arbitration may only be found where a party sufficiently availed itself of the judicial process so as to gain undue advantage in the proceedings **or** to cause

prejudice to the other party. *Kwalick*, 478 A.2d at 52 (stating, "unless [a party's] conduct has gained [it] an undue advantage or resulted in prejudice to another[, the party] should not be held to have relinquished the right" to compel arbitration). As discussed *supra*, this Court in **O'Donnell**, **supra**, set forth several factors a trial court may consider when determining whether, or not, a party has availed itself of the judicial process. **O'Donnell**, 29 A.3d at 1187. While the **O'Donnell** factors are instructive, they are not exhaustive of all things a trial court may examine to reach its determination. Rather, a trial court is to consider the totality of the circumstances when examining the existence of waiver, taking into account, *inter alia*, whether, or not, the party seeking arbitration raised the issue of arbitration promptly, engaged in discovery, filed pre-trial motions that failed to raise the arbitration issue, or waited for adverse rulings on those pre-trial motions or until the case was ready for trial before asserting a motion to compel arbitration. Thus, while delay cannot be the sole reason for finding waiver, it may be considered in determining whether, or not, a party sufficiently availed itself of the judicial process so as to constitute waiver of its right to compel arbitration.

In the case *sub judice*, Appellants filed pre-trial motions in the form of preliminary objections to Cholak's complaint that did not contain a motion to compel arbitration. While the parties waited for a hearing on the preliminary objections, Appellants, on February 21, 2024, filed a motion to pay the amount of royalties Appellants believed were due under the lease agreement into the trial court in "an attempt to allow the parties to reach a resolution while not

incurring any additional liability [(*i.e.*, interest)]." Motion to Pay Disputed Funds into Court, 2/21/24. On March 1, 2024, the trial court entered a consent order memorializing the parties' agreement that upon Cholak providing Appellants his current residential mailing address, Appellants would issue payment directly to Cholak.[10] Trial Court Order, 3/1/24. Thus, Appellants attempted to limit their exposure to damages through use of the judicial process and, ultimately, by making royalty payments to Cholak upon entry of a court order memorializing the parties' agreement.

As discussed *supra*, after conducting a hearing on Appellants' preliminary objections, the trial court sustained the preliminary objections finding that there were insufficient pleadings to support Cholak's claims for, *inter alia*, incidental damages or punitive damages. As such, the trial court's ruling was in Appellants' favor because the potential for Cholak to recover certain types of damages, *i.e.*, incidental and punitive damages, was restricted. As a result of the trial court's ruling, Cholak filed an amended complaint that no longer contained a request for incidental or punitive damages.[11] Appellants then filed preliminary objections to the amended complaint that, for the first time, raised a motion to compel arbitration.

---

[10] The parties agreed that payment of the funds "shall not be construed to be a waiver of claims asserted[,] or that may be asserted[,] by [Cholak]." Trial Court Order, 3/1/24.

[11] Cholak's request for "special damages" as set forth in the initial complaint was replaced by a request for pre-judgment and post-judgment interest.

Appellants' first request to compel arbitration was made more than eleven months after Cholak filed its initial complaint. Cholak filed a second amended complaint and Appellants filed a preliminary objection that, again, requested arbitration, more a year after Cholak filed its initial complaint.

Upon review, we discern no error of law or abuse of discretion in the trial court's order that overruled Appellants' preliminary objection to Cholak's second amended complaint and found that Appellants waived their right to compel arbitration. As the record demonstrates, Appellants waited more than eleven months after the initial complaint was filed to request that the case be moved to arbitration. Appellants omitted a request for arbitration from their preliminary objections to Cholak's initial complaint. Instead, Appellants' first set of preliminary objections targeted Cholak's request for certain types of damages. The trial court sustained the first set of preliminary objections, and Cholak filed an amended complaint that omitted a request for those damage claims. Thus, Appellants used the judicial process favorably to limit their exposure to certain types of damages. Appellants further used the judicial process to limit their damage exposure by seeking to make royalty payments due under the lease agreement to the trial court and, ultimately, receiving a favorable court order that granted Appellants the right to make payment directly to Cholak. Then, more than eleven months after the filing of the initial complaint, and only after Appellants relied upon the judicial process to receive several favorable court rulings, did Appellants raise for the first time a request to compel arbitration. While we appreciate counsel's candor in admitting that

- 14 -

the request to compel arbitration was simply overlooked in the prior pleadings, we are not persuaded that counsel's oversight is sufficiently compelling to overcome the fact that Appellants availed themselves of the judicial process for more than eleven months and, through use of the judicial process, gained favorable advantages to the prejudice of Cholak. Therefore, we concur with the trial court, and the record supports, that Appellants waived their right to compel arbitration.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/25/2025